# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| MELANIE BAILEY,<br><br>  Plaintiff pro se,<br><br>v.<br><br>NORTHWEST GEORGIA REGIONAL COMMISSION,<br><br>  Defendant. | CIVIL ACTION FILE NO:<br><br>4:23-CV-00278-WMR |

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 6]. The R&R recommends that this case should be dismissed without prejudice for failure to prosecute and for failure to comply with a court order, pursuant to Federal Rules of Civil Procedure 4(m) and 41(b) and Local Rule 41.3(A)(2). No objection to the R&R has been filed.

### I.   BACKGROUND

Several months after filing her Complaint, Plaintiff had still not yet served Defendant. [Doc. 6]. As she neared the end of Federal Rule of Civil Procedure 4(m)'s 90-day service period, Plaintiff requested from the Magistrate Court additional time to prepare her case and to retain counsel. [Doc. 4]. The Magistrate Court granted her

1

request but instructed her in its Order that she must still prosecute the case and properly serve Defendant by the new deadline, regardless of whether she retained counsel by then. [Doc. 5]. Plaintiff failed to serve Defendant by the extended deadline, in violation of both the requisite statutory period and the court order. [Doc. 6].

## II.   LEGAL STANDARD

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."). If no specific objections are made or no objections are made at all, "the appropriate standard of review for the report and recommendation is clear error." *Lattimore v. Bank of Am., N.A.*, No. 1:12-CV-1776-CAP-JSA, 2014 WL 11456272, at *1 (N.D. Ga. Feb. 10, 2014), *aff'd sub nom.*

*Lattimore v. Bank of Am. Home Loans*, 591 F. App'x 693 (11th Cir. 2015). As no objection to this R&R has been filed in this case, the clear error standard applies.

In the absence of valid objections, this Court agrees with the Magistrate Judge that dismissal of this action because of Plaintiff's noncompliance with both statute and court order is proper. *See Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) ("Pursuant to Fed. R. Civ. P. 41(b), a district court may sua sponte dismiss a [petitioner's] action for failure to comply with the rules or any order of the court"); *see also* L.R. 41.3(A)(2) (N.D. Ga.) ("The court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a petitioner] . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case").

### III. CONCLUSION

After considering the Final Report and Recommendation [Doc. 6], and reviewing it for clear error, the Court hereby receives the R&R with approval and **ADOPTS** its recommendation as the opinion and order of the Court. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with a lawful order. The Clerk is **DIRECTED** to close this action.

**IT IS SO ORDERED**, this 2nd day of October, 2024.

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE